# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 18-1087 DOC (MRWx) | Date | June 29, 2018 |
| Title | Collins v. University of Colorado Medical Center et al. | | |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
| None present | None present |

**Proceedings:**   ORDER TO SHOW CAUSE RE: TRANSFER OF ACTION

1. Plaintiff Zachary Collins filed a pro se civil complaint regarding the tragic death of his late mother. The two entities named as defendants appear to be hospitals in Aurora, Colorado, who treated Mrs. Collins. Nevertheless, Plaintiff wishes to pursue the case in this district court in Southern California.

2. Plaintiff filed a request for in forma pauperis status and a waiver of the filing fee. However, before taking up that issue, the Court must consider whether this district court – that is, the federal court in the Central District of California – is the proper court to rule in his case.

\* \* \*

3. The federal venue statute states that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

4. Plaintiff's self-written complaint contains extensive allegations regarding the propriety of federal court jurisdiction, or this Court's lawful entitlement to consider the types of claims asserted. However, on the issue of venue – the determination as to which federal courthouse is appropriate to consider a case – he pleads fewer facts. These largely consist of: Plaintiff's residence in this district, his mother's former joint residence in this district and another, and allegations that the hospitals "do business" nationally, including in California. (Complaint at 3-4.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 18-1087 DOC (MRWx) | Date | June 29, 2018 |
|---|---|---|---|
| Title | Collins v. University of Colorado Medical Center et al. | | |

     5.     However, there is ample basis to conclude that those facts are not sufficient to establish venue for this action in this Court. The gravamen of the complaint involves alleged medical malpractice and misconduct at the hospitals in Colorado. (Complaint 7-18.) Plaintiff seeks relief from Colorado-based entities, will need to obtain Colorado-housed medical records, and will undoubtedly seek testimony from Colorado residents involved in or who observed the care given to Mrs. Collins. Those are all reasons that strongly support a finding that venue is not appropriate in this Court.

     6.     Pursuant to 28 U.S.C. § 1391, the federal court in California likely does not properly have venue over this action. The Court could summarily dismiss the action or transfer it to the federal court for the District of Colorado under 28 U.S.C. §§ 1404 and 1915(e). However, before doing so, the Court will give Plaintiff an opportunity to show cause why it should not take this action. Plaintiff's response to this order (not to exceed five pages) will be due by July 20.

     7.     <u>Alternatively</u>, if Plaintiff acknowledges that he cannot maintain the action in this California federal court, he can voluntarily dismiss the action without prejudice and without further consequence on his own. A notice of dismissal filed by July 20 will serve to discharge this order.